```
              United States District Court
                District of Massachusetts
_____
                                    )
MARLON HOLMES,                      )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No.
                                    )   09-11219-NMG
T. MELEADY, D. QUINN, S.            )
MARANGOUDAKIS, T. O'SHEA, D.        )
WILLIAM, T. NEHMER, D. WEST, A.     )
CASILLAS, RICHARD TOSONI and M.     )
O'HALLARAN,                         )
        Defendants.                 )
_____)
```

**MEMORANDUM & ORDER**

GORTON, J.

Pro se plaintiff Marlon Holmes ("Holmes") brings suit against several police officers from the town of Springfield, Massachusetts pursuant to the federal civil rights statute, 42 U.S.C. § 1983, for alleged constitutional violations. Before the Court are motions to dismiss and to transfer by the defendants and motions for miscellaneous relief by Holmes.

## I. Factual Background

This dispute arises out of plaintiff's arrest nearly 13 years ago. The following factual allegations are gleaned, to the extent possible, from plaintiff's various submissions. At about 11:00 p.m. on November 4, 1997, Holmes pulled into the parking lot of the Dory Cape Lounge in Springfield, Massachusetts. Defendants, all of whom were Springfield police officers,

promptly converged on his vehicle from all directions.

Holmes claims that he was "snatched" out of his car and officers proceeded to search him for drugs. Crack cocaine was seized from his right hand and he was placed under arrest. As he was being put into the back seat of a police cruiser, officers noticed something in his mouth. Plaintiff alleges that, although he had not struggled with the authorities, he was punched and choked while officers proclaimed "this is what we call assisting Terrell in spitting". Additional amounts of crack cocaine were seized from his mouth.

Holmes was charged in state court with one count of possession of cocaine with intent to distribute. In December, 1997, he pled guilty and was sentenced to two years imprisonment. As a result, he lost his job with the United States Postal Service and suffered various other personal setbacks. Moreover, Holmes states that the conviction was later used to enhance his sentence in a subsequent narcotics conviction and as a predicate to his being charged as a felon in possession of a firearm.

His conviction was, however, ultimately dismissed. In 2005, Holmes moved to withdraw his guilty plea based upon an allegation of ineffective assistance of counsel. He argued that his counsel had made him plead guilty and had failed to inform him of his right to move to suppress evidence seized during his arrest. The subsequent sequence of events is not entirely clear but, at some

point, Holmes filed a motion for a new trial and a motion to suppress the evidence.

In support of suppression, Holmes argued that the basis for his arrest was an uncorroborated tip from a confidential informant ("CI"). A CI with whom officers had worked previously allegedly told police that a 20-year-old black male about 6 feet tall and 180 pounds named Terrell was delivering crack cocaine in a gray Eagle Premier. On November 4, 1997, the CI was present when a third party placed an order for crack cocaine to be delivered to the Dory Cape Lounge. Police were told about the sale and Holmes was then arrested when he arrived at that location in a vehicle matching the one described by the CI. In state court, Holmes argued that police acted on the CI's information without corroborating it and thus arrested him based upon only an unverified hunch.

On April 20, 2007, Holmes's motion to suppress was allowed and the criminal case was dismissed that same day.

## II. Procedural History

Holmes filed his complaint on July 16, 2009. In January, 2010, defendants filed a motion to dismiss which Holmes opposed the following month. Simultaneously, defendants filed a motion to transfer this case to the Western Division of the United States District Court for the District of Massachusetts which Holmes also opposed.

In April, 2010, Holmes filed a proposed amended complaint without seeking leave of court. For that reason, defendants then moved to dismiss the amended complaint because plaintiff's submission was made outside of the 21-day period during which amendments can be made without leave. In response, Holmes filed a motion for leave to amend his complaint with the already-submitted amendment and a motion for an enlargement of time upon a showing of excusable neglect pursuant to Fed. R. Civ. P. 6 seeking the same relief.

### III. Analysis

#### A. Motion to Transfer

The Court first considers defendants' motion to transfer this case to the Western Division in Springfield, Massachusetts. Defendants argue that 1) they are located in Springfield, 2) the events at issue took place there and 3) Holmes would suffer no great prejudice because his place of incarceration is only 30 miles farther from Springfield than from Boston.

Holmes responds that he now resides in Bridgewater (not Shirley as defendants asserted) and, in any event, his case belongs in this division pursuant to Local Rule 40.1(D)(1)(b). That rule provides that

> [c]ivil cases shall be assigned to the respective divisions if ... [a]ll of the parties reside in the District of Massachusetts and the majority of the plaintiff(s) reside(s) in that division.

Because Holmes resides in the Eastern Division, he contends that

-4-

his case should not be transferred.

Holmes is correct and defendant's contention that the Court should depart from the Local Rules for their convenience does not constitute a sufficient showing of good cause. See Local Rule 40.1(F); Jodoin v. Baystate Health Sys., Inc., 2008 WL 973117 (D. Mass. Apr. 7, 2008). Their motion will, therefore, be denied.

**B.   Remaining Motions**

**1.   Motion to Dismiss Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements,

supported by mere conclusory statements, do not suffice to state a cause of action.  Id.

### 2. Application

#### a. Sorting Out the Pleadings

This case has become unnecessarily complicated due, in part, to Holmes's pro se status, the cursory nature of the briefs and pleadings and the inter-dependence of those filings.  A more detailed chronology is warranted to set the record straight.

Plaintiff presents his claims in several forms.  First, in his original complaint, he asserts causes of action for denial of due process in violation of the Fourteenth Amendment and for the deprivation of his rights to be free from 1) illegal arrest, 2) illegal searches and seizures and 3) false imprisonment, all in violation of the Fourth Amendment.

The day he filed suit, Holmes also submitted a Memorandum of Law in Support of Civil Action in which he makes arguments under two headings: 1) the illegal imprisonment of the plaintiff and 2) excessive use of force and police brutality.  With respect to the first contention, Holmes elaborates that defendants' actions constituted false imprisonment because they lacked probable cause for his arrest and did not prove the reliability of the CI.  In so arguing, he refers to both Massachusetts and federal constitutional law.  Holmes's second argument focuses on allegations that he was punched and choked despite being

cooperative.  In asserting that such conduct was unlawful, he summarily cites the Due Process Clauses of the Fifth and Fourteenth Amendments, the Eight Amendment, the Fourth Amendment and the Constitution of the Commonwealth of Massachusetts.

Defendants moved to dismiss plaintiff's original complaint arguing that 1) his claims are time-barred, 2) service of the complaint fell outside the time period provided by the Court and the Federal Rules of Civil Procedure and 3) three of plaintiff's four causes of action fail to state a claim upon which relief can be granted because they are brought directly under the Constitution rather than pursuant to 42 U.S.C. § 1983.  Plaintiff opposed defendants' motion to dismiss and submitted an affidavit and exhibits in support.

Shortly thereafter, plaintiff filed an amended complaint without seeking leave of court.  It is substantially similar to the original complaint but adds an additional party and minor factual allegations.  It also seeks to clarify the precise basis for plaintiff's claims (presumably in response to defendants' motion to dismiss).  Liberally construing the pleading, Holmes attempts to bring claims for 1) <u>Monell</u> liability against the Springfield police chief, 2) state law torts of malicious prosecution, false imprisonment and battery, 3) state law constitutional violations and 4) federal constitutional claims pursuant to § 1983 for

a) violation of his right to procedural due process, i.e., arrest without probable cause,

b) abridgment of his liberty by an arbitrary and capricious arrest,

c) deprivation of his right to be free from illegal arrest,

d) wantonly and willfully conducting an unlawful search and seizure without probable cause, and

e) "false imprisonment [and] malicious prosecution without a warrant and/or probable cause".

Defendants then filed a motion to dismiss plaintiff's amended complaint because he did not seek leave of court as required by Fed. R. Civ. P. 15(a).

Plaintiff responded with two motions: a motion for leave to amend his complaint with the already-submitted amended complaint and a motion for an extension of time to file the same amendment. Plaintiff contends that 1) he is pro se and made an honest mistake in reading Fed. R. Civ. P. 15 to allow him one amendment without leave of court, 2) he was not trying to gain a tactical advantage, 3) his proposed amendments are minor and 4) defendants will suffer no prejudice at this early stage of the litigation. His arguments are well taken.

In light of the various pending motions, the Court will prudently allow plaintiff to make the minor amendments to his complaint by 1) allowing his motion for leave to amend, 2) denying as moot defendants' motion to dismiss the amendment as untimely (because leave has been granted) and 3) denying as moot

plaintiff's motion for an extension of time (because it seeks the same remedy as his motion to amend).

Technically, that leaves pending only defendants' motion to dismiss plaintiff's superceded original complaint. The arguments made in defendants' motion are, however, generally applicable to the amended complaint as well and plaintiff has had an opportunity to rebut those arguments in his opposition. In the interest of efficiency, the Court will, therefore, liberally construe and consolidate all of plaintiff's claims and apply defendants' arguments for dismissal (and plaintiff's responses) thereto.

### b. The Merits

Plaintiff's claims are difficult to parse but the Court construes them as causes of action, pursuant to 42 U.S.C. § 1983, for 1) false imprisonment and false arrest, 2) illegal search and seizure, 3) use of excessive force in making an arrest, 4) malicious prosecution, 5) violations of both procedural and substantive due process rights and 6) Monell liability for failure to train officers. He also makes passing reference under the heading "Pendent Jurisdiction" to state law claims for malicious prosecution, false imprisonment and battery and for violations of Articles 12, 14 and 15 of the Declaration of Rights of the Massachusetts Constitution.

Defendants' motion to dismiss argues summarily that 1)

plaintiff's claims arise out of an arrest in 1997 and are therefore time-barred, 2) service of the complaint was untimely and 3) three of plaintiff's four causes of action fail to state a claim upon which relief can be granted because they are brought directly under the Constitution rather than pursuant to 42 U.S.C. § 1983.

Plaintiff responds in turn. With respect to the statute of limitations, he contends that his claims accrued on April 20, 2007, the date on which his state law conviction was dismissed and thus his claims are timely. To support his argument that service of process was proper, Holmes submits an affidavit and return receipt demonstrating that, pursuant to this Court's July 28, 2009 order, he mailed the complaint and summons to the United States Marshall on September 29, 2009 and it was signed for on October 26, 2009 (both of which were before the November 25, 2009 deadline). The fact that documents did not make their way to the defendants until two months later, Holmes implies, was not his fault. Finally, plaintiff maintains that his entire case was filed pursuant to 42 U.S.C. § 1983, even if he did not explicitly cite that provision in each count.

Plaintiff's response is compelling with respect to two of defendants' three arguments. In particular, he is correct that his error in claiming directly under the Constitution fails to give him the benefit of the doubt in light of his pro se status

and is, in any event, mooted by the amended complaint. Defendants' contention that the case should be dismissed for failure to complete service on time is also unconvincing because, even if defendants received service late, plaintiff made a good faith effort to serve them within the time limit. He has therefore shown good cause for the slight delay. See Fed. R. Civ. P. 4(m); Medina-Claudio v. Pereira, 443 F. Supp. 2d 208, 213 (D.P.R. 2006).

Defendants' argument with respect to the statute of limitations is, however, more persuasive and warrants closer scrutiny. Section 1983 does not contain a statute of limitations and federal courts therefore borrow the forum state's limitation period for personal injury tort claims. E.g., Wallace v. Kato, 549 U.S. 384, 387 (2007). For claims arising in Massachusetts, the period is three years. Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001).

Unlike the statute of limitations period itself, however, the date on which a § 1983 claim accrues is a question of federal law. The standard rule is that accrual occurs when the plaintiff has a "complete and present cause of action". Wallace, 549 U.S. at 388 (citation omitted). The Supreme Court has held that for Fourth Amendment claims of false arrest and false imprisonment, the limitations period begins when the arrestee is released or detained pursuant to legal process. Id. at 389. Other courts

-11-

have construed that rule to encompass claims for illegal search and seizure and use of excessive force in making an arrest. See Nieves, 241 F.3d at 53 (false arrest and excessive force); Medina v. Toledo, No. 09-cv-1491 (PG), 2010 WL 2404448, at *6-8 (D.P.R. June 9, 2010); Hilton v. Whitman, No. 04-cv-6420 (SDW), 2008 WL 5272190 at *8 (D.N.J. Dec. 16, 2008). A federal constitutional claim of malicious prosecution, however, complains about the wrongful institution of legal process and, accordingly, accrues upon termination of the criminal proceedings against the would-be plaintiff. See Wallace, 549 U.S. at 389-95; Harrington v. City of Nashua, No. 09-2275, 2010 WL 2573163 (1st Cir. June 29, 2010); Nieves, 241 F.3d at 53.

The Court will dismiss plaintiff's complaint. The majority of his claims and those on which his suit clearly focuses (i.e., false imprisonment and/or false arrest, illegal search and seizure and use of excessive force in making an arrest) are time-barred because they are based upon his warrantless arrest in 1997. His claim under Monell fairs no better because it is not listed as a cause of action and Holmes makes no allegation of the requisite deliberate indifference of the defendants. The claim is also untimely because it must be based upon evidence of wrongdoing occurring prior to his 1997 arrest. See Meehan v. Town of Plymouth, 167 F.3d 85, 92 & n.8 (1st Cir. 1999).

With respect to procedural and substantive due process,

Holmes similarly cannot state a claim upon which relief can be granted. His claims are entirely conclusory and, in any event, lack merit. Holmes's procedural due process claim fails because

1) the cause of action appears to be an ill-begotten claim under the Fourth Amendment for a warrantless arrest without probable cause,

2) he presents no evidence of the inadequacy of state law remedies and

3) Massachusetts recognizes common law torts which (apparently) relate to his claims thereby precluding a procedural due process claim under § 1983. E.g., Reid v. State of New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995).

To the extent that Holmes seeks to bring a substantive due process claim, it is barred by Albright v. Oliver, 510 U.S. 266 (1994).

Nor has Holmes made out a federal constitutional claim of malicious prosecution against the arresting officers. To be sure, for the first time, such a claim is not summarily dismissible because it would not have accrued until April, 2007 and thus survives a statute of limitations defense. Holmes's amended complaint is, however, devoid of any discernibly colorable cause of action for malicious prosecution under the Fourth Amendment. The term "malicious prosecution" appears only once, alongside "false imprisonment" in the same count. The Court will, therefore, dismiss Holmes's malicious prosecution claim (to the extent he seeks to bring one) without prejudice and allow him 45 days to amend his complaint to attempt to state a

cognizable claim. See Harrington, 2010 WL 2573163 at *5-*8; Nieves, 241 F.3d at 53-57.

Finally, the Court will dismiss any purported state law claims because 1) the majority are time-barred for the same reasons as their federal counterparts, 2) the claims are again simply listed summarily and without support in a section of the complaint that does not set forth causes of action and 3) they are subject to dismissal without prejudice for lack of jurisdiction because Holmes has failed to allege claims that would support federal jurisdiction, see United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966).

### ORDER

In accordance with the foregoing,

1) defendants' motion to transfer (Docket No. 27) is **DENIED**;

2) plaintiff's motion for leave to amend his complaint (Docket No. 37) is **ALLOWED**;

3) plaintiff's motion for extension of time upon a showing of excusable neglect (Docket No. 38) is **DENIED** as moot;

4) defendants' motion to dismiss plaintiff's amended complaint (Docket No. 36) is **DENIED** as moot;

5) plaintiff's motion for a status inquiry (Docket No. 40) is **DENIED** as moot;

6) defendants' original motion to dismiss (Docket No. 21) is deemed to apply to plaintiff's amended complaint and is **ALLOWED**; and

7) plaintiff's amended complaint is, with respect to all claims other than his purported claim for malicious prosecution, **DISMISSED** with prejudice but, as to that enumerated claim, it is **DISMISSED** without prejudice and plaintiff may, if he chooses, file an amended claim related thereto within 45 days of this order.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 5, 2010