United States District Court
District of Massachusetts

```
_____
                                    )
MARLON HOLMES,                      )
         Plaintiff,                 )
                                    )
                v.                  )   Civil Action No.
                                    )   09-11219-NMG
T. MELEADY, D. QUINN, S.            )
MARANGOUDAKIS, T. O'SHEA, D.        )
WILLIAM, T. NEHMER, D. WEST, A.     )
CASILLAS, RICHARD TOSONI and M.     )
O'HALLARAN,                         )
         Defendants.                )
_____ )
```

**MEMORANDUM & ORDER**

GORTON, J.

Pro se plaintiff Marlon Holmes ("Holmes") brought suit several years ago against police officers of the City of Springfield, Massachusetts pursuant to the federal civil rights statute, 42 U.S.C. § 1983, for alleged constitutional violations. Before the Court is plaintiff's motion to reopen the case closed in 2010 and defendants' consolidated opposition and motion to dismiss.

I.  **Factual Background**

The facts and procedural history of this case were described in detail in the Court's August, 2010, memorandum and order (Docket No. 41) and need not be repeated at length. In short, this dispute arises out of plaintiff's arrest nearly 15 years ago for possession of cocaine with intent to distribute. In

December, 1997, Holmes pled guilty and was sentenced to two years imprisonment. His conviction was, however, overturned. In 2005, Holmes moved to withdraw his guilty plea based upon an allegation of ineffective assistance of counsel. He argued that his counsel had failed to inform him of his right to move to suppress evidence seized during his arrest and had virtually forced him to plead guilty. After being permitted to withdraw his guilty plea, Holmes filed a motion for a new trial and a motion to suppress the evidence. On April 20, 2007, Holmes's motion to suppress was allowed and the criminal indictment was dismissed.

II.  **Procedural History**

Holmes filed his § 1983 complaint on July 16, 2009. In January, 2010, defendants filed a motion to dismiss which Holmes opposed the following month. In April, 2010, Holmes filed a proposed amended complaint without seeking leave of court. Defendants then moved to dismiss the amended complaint. In response, Holmes filed a motion for leave to amend his complaint with the previously-submitted amended complaint. The Court granted the motion and because the amended complaint was very similar to the original, i.e. added one new party and minor factual allegations, construed defendants original motion to dismiss as applying to the amended complaint. On August 5, 2010, the Court dismissed with prejudice all of plaintiff's claims with the exception of his claim for malicious prosecution which it

denied without prejudice. The Court permitted Holmes to "file an amended claim related thereto within 45 days of this order."

On August 18, 2010, plaintiff filed a motion for an extension of time for 30 days to retain counsel. On September 29, 2010, with his motion for an extension still pending, plaintiff, acting pro se, filed a second amended complaint. On October 7, 2010, the Court inadvertently denied plaintiff's motion for an extension on the mistaken grounds that the case had already been closed.

On November 9, 2012, plaintiff filed a motion to reopen the case. Defendants filed a consolidated pleading opposing that motion and moving to dismiss the second amended complaint to which plaintiff has filed a reply.

### III. Analysis

#### A.   Motion to Reopen

Plaintiff requests that the case be reopened on the grounds that in 2010 he filed his second amended complaint in compliance with the Court Order entered August 5, 2010. In fact, plaintiff's second amended complaint was filed 55 days after that order. Defendants oppose reopening the case on the grounds that plaintiff's complaint was untimely and because 25 months have passed between the filing of the second amended complaint and plaintiff's request to reopen, resulting in a failure to prosecute his action.

Because 1) plaintiff is acting pro se, 2) his motion for an extension of time was still pending at the time he filed his second amended complaint, and 3) the Court inadvertently denied that extension back in 2010, the Court will allow plaintiff's motion to reopen the case. The Court notes, however, that in accordance with its memorandum and order of August 5, 2010, the only claim to be reopened is plaintiff's claim for malicious prosecution.

**B.   Motion to Dismiss**

   **1.   Standard**

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court assumes that all material allegations set forth in the complaint are true. See Mulloy v. United States, 884 F. Supp. 622, 626 (D. Mass. 1995). The averments of the complaint, as well as their proper inferences, are construed in favor of the plaintiff and the claim will not be dismissed unless "it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief." Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986).

   **2.   Application**

Defendants move to dismiss plaintiff's second amended complaint for lack of subject matter jurisdiction. They argue that plaintiff's complaint does not establish that they are

"persons" for the purposes of 42 U.S.C. § 1983 because defendants are sued in their official capacity for monetary relief.  As a result, defendants assert that the § 1983 claim against them must fail and the Court thus lacks subject matter jurisdiction.  Defendants, however, appear to confuse the standard for state and municipal officials.  Because the police officers in this case are city and not state officials they are considered "persons for purposes of § 1983."  Monell v. Dep't of Soc. Serv. of City of N.Y, 436 U.S. 658 (1978).  Defendants motion to dismiss for lack of subject matter jurisdiction will therefore be denied.

The Court notes, however, that defendants have not yet challenged the merits of plaintiff's amended complaint as they have a right to do.  Therefore the motion to dismiss will be denied without prejudice.

### ORDER

In accordance with the foregoing,

1) Plaintiff's motion to reopen the case (Docket No. 48) is **ALLOWED,** and

2) Defendants' motion to dismiss (Docket No. 49) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 12, 2013